

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

John Lewis Guymon Jr
INTELLEDOC LLC
4439 W 6060 S
KEARNS, UT 84118

      Plaintiff

Civil Action No. ___1:23cv1302___

HON. KATHI VIDAL
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office
600 Dulany Street
Alexandria, VA 22314

Office of the General Counsel
United States Patent and Trademark Office
P.O. Box 1450 Alexandria, VA 22313-1450

      Defendant

## COMPLAINT

[1]    Plaintiff John Lewis Guymon Jr of iBailBonding.Com and INTELLEDOC LLC

("Plaintiff") for a complaint against the Honorable Kathi Vidal, Under Secretary of Commerce

for Intellectual Property and Director of the United States Patent and Trademark Office

(hereinafter "Defendant"), states as follows:

## NATURE OF THE ACTION

[2]    This is an action by Plaintiff, sole inventor and owner of INTELLEDOC LLC, assignee,

of United States Patent No. 10,943,030 ("the '030' patent") (attached as Exhibit A), titled

"SECURABLE INDEPENDENT ELECTRONIC DOCUMENT", for review of the

determination by Defendant, pursuant to, *inter alia*, 35 U.S.C. § 154(b)(4)(A), of the Patent

Term Adjustment of the '030 patent. Plaintiff seeks a judgement that the patent term adjustment

1

for the '030 patent be changed from 1,525 days to 2,327 days. Plaintiff files this complaint timely in accordance to 37 C.F.R §1.7(a) 'Sunday'.

[3]      Plaintiff seeks a judgement that Defendant erred in applying 37 C.F.R. § 1.704(c)(8) to the instant case, and that the Defendant's application of Rule 37 C.F.R. § 1.704(c)(8) to the facts of this case is arbitrary and capricious in view of the straightforward and unambiguous language of 35 U.S.C. § 154(b)(2)(C). Where there was no action that Applicant could have taken to conclude prosecution of the patent, the USPTO shall not count such time periods as applicant delay, see *Supernus Pharms., Inc. v. Iancu*, 913 F.3d 1351 (Fed. Cir. 2019).

[4]      This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

[5]      John Lewis Guymon Jr, Plaintiff is the owner of INTELLEDOC LLC, a Utah Corporation with a place of business at 4439 W 6060 S Kearns, UT. INTELLEDOC LLC is the sole assignee of the '030 patent, as evidenced by records on deposit with the PTO and the face of the '030 patent.

[6]      Defendant Kathi Vidal is named in her official capacity as the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"). The Director is the head of the PTO and is responsible for superintending or performing all duties required by law with respect to the granting and issuing of patents. As such, Director Vidal is designated by statute as the official responsible for determining the period of Patent Term Adjustments under 35 U.S.C. § 154.

## JURISDICTION AND VENUE

2

[7]     This Court has exclusive jurisdiction to hear this action and is authorized to issue the relief sought under 28 U.S.C. §§ 1331, 1338(a), and 1361, 35 U.S.C. § 154(b), and 5 U.S.C. §§ 701-706.

[8]     Venue is proper in this district under at least 35 U.S.C. § 154(b)(4)(A).

[9]     This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A) because it is being filed within 180 days after the date of the Defendant's (Director's) decision on Plaintiff's Request for Reconsideration of Patent Term Adjustment, mailed March 28, 2023 (attached as Exhibit B).

## BACKGROUND

[10]     United States patent application number 12/316,699 ("the '699 application") was filed on December 15, 2008, and issued as the '030 patent on March 9, 2021.

[11]     Plaintiff John Lewis Guymon Jr is the original applicant and sole inventor of the '030 patent.

[12]     Accordingly, for the sake of clarity and simplicity, "Applicant" and "Patentee" are used herein to refer to John Lewis Guymon Jr and/or INTELLEDOC LLC as appropriate for the given timeframe.

## UNDISPUTED FACTS (COMMON ALLEGATIONS)

[13]     On March 6, 2012, the PTO mailed a Non-Final Rejection

[14]     On December 27, 2012, Applicant filed a Response after Non-Final Action

[15]     On April 2, 2013, the PTO mailed a Final Rejection

[16]     On April 7, 2014, Applicant filed a first RCE, along with amended claims and a petition pursuant to 37 C.F.R. § 1.137(a) to revive the application.

[17]    On April 30, 2014, the PTO mailed a decision on April 30, 2014 that dismissed the April 7, 2014 petition.

[18]    On August 24, 2015, Applicant filed a request pursuant to 37 C.F.R. § 1.48.

[19]    On February 6, 2016, Applicant filed a renewed petition pursuant to 37 C.F.R. § 1.137(a).

[20]    On March 7, 2016, the PTO mailed a decision on March 7, 2016 that dismissed the February 6, 2016 petition.

[21]    On August 8, 2016, Applicant filed a petition pursuant to 37 C.F.R. § 1.183, requesting suspension of the rules.

[22]    On August 22, 2016, Applicant filed a renewed petition pursuant to 37 C.F.R. § 1.137(a)

[23]    On June 29, 2017, the PTO mailed a decision on June 29, 2017 that, inter alia, dismissed the August 22, 2016 petition.

[24]    On August 29, 2017, Applicant filed a second RCE along with, inter alia, amended claims, remarks, and a renewed petition.

[25]    On October 31, 2017, the PTO mailed a decision that, inter alia, dismissed the August 29, 2017 petition.

[26]    On January 2, 2018, Applicant filed, inter alia, a renewed petition pursuant to 37 C.F.R. § 1.137(a).

[27]    On February 7, 2018, the PTO mailed a decision that, inter alia, dismissed the January 2, 2018 petition.

[28]    On April 9, 2018, Applicant filed, inter alia, a renewed petition pursuant to 37 C.F.R. § 1.137(a). A supplement was received on April 10, 2018.

[29]    On May 24, 2018, the PTO mailed a corrected decision on the petition pursuant to 37 C.F.R. § 1.137(a) that, inter alia, granted the August 29, 2017 petition. The decision states in the

4

first footnote on page one of the decision that the decision "replaces the petition decisions issued on October 31, 2017 and February 17, 2018."

[30]    The corrected decision mailed on May 24, 2018 further states on page four of the decision that "[t]his petition (sic) is being referred to the Technology Center 2400 for further processing in accordance with this decision." Accordingly, the USPTO mailed a non-final Office action on August 6, 2018 that indicates on the second numbered page that the RCE and the submission filed on August 29, 2017 have been entered. Hence, while the second RCE was not the first RCE to be filed in this application, the second RCE was entered while the first (filed on April 7, 2014) was not.

### PATENT TERM GUARANTEE

[31]    As outlined in *Supernus Pharms., Inc. v. Iancu,*

"32. The Patent Term Guarantee Act of 1999, a part of the American Inventors Protection Act ("AIPA"), amended 35 U.S.C. § 154(b)to address concerns that delays by the PTO during the prosecution of patent applications could result in a shortening of the effective life of the resulting patents to less than seventeen years. The amendments created patent term adjustment, commonly referred to as PTA, a means of adjusting patent term to account for delays at the PTO.

33. Patent term adjustment applies to original utility patent applications (including continuations, divisional, and continuations-in-part) filed on or after May 29,2000.

34. In calculating PTA, Defendant must take into account PTO delays under 35 U.S.C. § 154(b)(1), any overlapping periods in the PTO delays under 35 U.S.C. § 154(b)(2)(A), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

35. Under 35 U.S.C. § 154(b)(1)(A), an applicant is entitled to PTA for the PTO's failure to carry out certain acts during processingand examination within defineddeadlines ("A Delay").

36. Under 35 U.S.C. § 154(b)(1)(B), an applicant is entitled to additional PTA attributable to the PTO's "failure ... to issue a patent within 3 years after the actual Filing Date of the application in the United States," but not including "any time consumed by Continued Examination of the application requested by the applicant under section 132(b)" ("B Delay").

37. 35 U.S.C. § 154(b)(2)(A) provides that "to the extent that periods ofdelay attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed."

38. Reduction of period of adjustment is subject to limitations under 35 U.S.C. § 154(b)(2), including 35 U.S.C. § 154(b)(2)(C)(i), which states "[t]he period of adjustment of the term of a patent under paragraph [154(b)(1)] shall be reduced by a period equal to the period of time during which the applicant failed to engage in reasonable efforts to conclude prosecution of the application" ("C Reduction").

39. 35 U.S.C. § 154(b)(2)(C)(iii) states that "[t]he Director shall prescribe regulations establishing the circumstances that constitute a failure of an applicant to engage in reasonable efforts to conclude processing or examination of an application.""

## The Proper Calculation of PTA for the '030 Patent

[32]   In regard to Office delays:

[33]   The Office 'A' Delay, now in dispute, was, as first figured, agreed upon by Patentee, having a total of 970 days.

- A 750 'A' type delay as per 14 month rule, and
- A 220 'A' type delay, understood and agreed upon as the delay the Office took in issuing a 'Non-Final Rejection' on August 6, 2018 to a 'Request for Reconsideration' dated August 29, 2017.

[34]   The Office 'B' Delay, now in dispute, was, as first agreed to be 2647, having the 3 year mark 12/16/2011 to the second RCE3 filed 8/29/2017 that was agreed to initially, as a date in relation to the 220 'A' type delay, is now in dispute of the Office with Patentee because of the correction of the 220 'A' delay in decision dated 11/08/2021.

[35]   The Office 'C' Delay was and continues to not be in dispute.

[36]   In regard to Applicant delays:

[37]   Out of the 1959 days attributed to Applicant delay, Patentee submits the delay count should only be 1057. The difference is 902 days and were requested for reconsideration in Applicant's petition dated 5/10/2021 and are presented in the following 4 sections:

i) 13 days from 12/11/2020 to 12/23/2020. This delay related to TCPB event filings in October and November of 2019 that examiner entered to act as IDS entries.

ii) 17 days from 9/29/2020 to 10/15/2020. This delay related to TCPB event filings in October and November of 2019 that examiner entered to act as IDS entries.

iii) 84 days from 8/6/2018 to 1/29/2019.

iv) With the 1519 day period from 4/2/2013 to 8/29/2017 Applicant requested 668 days be reconsidered to NOT be attributed as Applicant delay. During this period of time Applicant continued progress towards a conclusion of the application's prosecution.

In summary,

[38]    Originally not in dispute, with the PTA decisions correction 11/08/2020 to the 'A' delay,

the 'A' delay, specifically the 220 day period', corrected by the Office, is now in dispute of the

Office with Patentee.

[39]    The delay periods related to the IDS event filing using the 'TCPB' event code. It must be

noted that the related IDS were considered in the First Office Action dated March 6, 2012.

[40]    The 1519 delay period reconsideration includes the filing of Applicant's Petition for

Correction of Inventorship that was misfiled and improperly processed by the Office.

Originally not in dispute, with the PTA decisions correction 11/08/2020 to the 'A' delay,

The A delay, specifically the 220 day period', corrected by the Office, is now in dispute of the

Office with Patentee.

[41]    In regard to the Office's response dated 11/08/2020, the Office made the following

statements/adjustments with regard to Applicant Delay:

    (1) The Office removed a 204-day reduction, from March 6, 2012 until December 27,
    2012 and added a 112-day reduction, from September 7, 2012 until December 27, 2012.
    (2) The Office considered Patentee's 'argument' with regard to the reduction of 1519 days,
    from July 3, 2013 until August 29, 2017, and deemed it unpersuasive. No adjustments for
    this time period were made.
    (3) The Office removed the reduction of 122 days, from February 7, 2014 to December
    29, 2017 (event #66).
    (4) The Office made note that the Patentee and the Office agree on an 84-day reduction,
    from November 7, 2018 until January 29, 2019.
    (5) The Office removed a 17-day reduction, from September 29, 2020 until October 15,
    2020, and added a single day reduction, beginning and ending on September 29, 2020.
    (6) The Office removed a 13-day reduction, from December 11, 2020 until December 23,
    2020, and added a 74-day reduction, from September 29, 2020 until December 11, 2020.

[42]    Patentee makes the following statements with regard to the Office's decision dated 11/08/2020:

[43]    With regard to (2), from July 3, 2013 to August 29, 2017, Patentee states the decision made by the Office is subjective, having deemed the Patentee's argument unpersuasive. The Patentee has stated facts, supported by evidence, which require objective processing. Per the Office, The USPTO did not consider the August 23, 2015 request pursuant to 37. C.F.R. 1.48 to satisfy all elements of the petition to revive the abandoned application.' Patentee notes that there was no petition filed August 23, 2015, however petitions filed by applicant on August 24, 2015 included both a Petition for Refund and Petition for Correction of Inventorship; a total of 106 pages were filed.

[44]    The applicant's petitions were entered separately into the Office's PAIR Image File Wrapper by the Office, and coded erroneously. The Petition for Correction of Inventorship was coded as a Refund Request (RFN.REQ), and the Petition for Refund was coded as Request under Rule 48 correcting inventorship (R48.REQ).

[45]    The Office failed to issue a decision on the August 24, 2015 petitions until the mailing of an Office decision, dated March 7, 2016. It should be noted that the March 7th decision was in response to a subsequent petition, filed by the applicant, a Petition to Revive Under 37 CFR l.137(a), filed on February 6, 2016. The Patentee, therefore, is entitled to an adjustment of 74 days, beginning on December 24, 2015 (the day after the date that is four months after the day the petition was filed) and ending on March 7, 2016 (the date the Petition Decision was mailed).

[46]    The petition filed February 6, 2016 was a second request for revival with the original petition, dated the same as the first Request for Continued Examination, April 7, 2014. With said petition, filed in February, applicant requested a consideration of the 1.48 Petition for

8

Correction of Inventorship, August 24, 2015.

[47]    The Office mailed a decision to the February 6, 2016 and August 24, 2015 petitions on

March 7, 2016. The August 24, 2015 petition was improperly handled by the Office of

Petitions and was dismissed. According to 37 CFR 1.48, Requests for correction of inventorship

under 37 CFR 1.48 filed on or after September 16, 2012 will be handled by the Office of Patent

Application Processing (OP AP). The grounds for dismissal were presented as follows:

> "The declaration filed on December 15, 2008 listed John Lewis Guymon Jr.
> and Douglas Scott Litsey as joint inventors. The petition, however, is
> signed only by inventor Guymon."

[48]    The Office, in their dismissal, failed to notice that a supplemental Declaration of

Inventorship 1.67 was provided, in accordance with 37 CFR 1.63, and begins on page 50 of the

August 24, 2015 petition. The declaration referenced in the dismissal, therefore, was invalidated.

Additionally, the dismissal stated:

> "The request lacks items (1) [Application data sheet in accordance with
> 1. 76 that identifies each inventor by his or her legal name; and (2) [The
> processing fee set forth in l. 1 7(i)."

[49]    The Office, in their dismissal, failed to notice that a supplemental application data sheet

was provided, in accordance with 1.76, and begins on page 23 of the August 24, 2015 petition.

The supplemental application data sheet included strike-through for text removed.

[50]    The Office also failed to notice that Applicant had paid any/all required fees for proper

processing.

[51]    All elements of the petition to revive the abandoned application were provide to the

Office. The proper handling of the Petition for Correction of Inventorship was necessary to

continue processing or examination to conclude prosecution of the patent application. The

Office, with its refusal to rule on the 'Correction of Inventorship' petition Applicant submitted in

August 24, 2015, diminished any possible further continuation of the Application.

[52]    With regard to (5), a single day reduction on September 29, 2020, Patentee states that the subsequent filing of the 1.48 Petition for Correction of Inventorship would not have been necessary had the August 24, 2015 petition been properly handled.

[53]    With regard to (6), from September 29, 2020 until December 11, 2020, Patentee believes the 74-day reduction overlaps the single day reduction of (5) that is September 29, 2020. Additionally, Patentee disputes the 74-day reduction as the referenced IDS filed on December 11, 2020 as the document filed was a citation list of previously referenced non-patent literature documents, as requested by the Examiner, and noted in the Examiner's Applicant-Initiated Interview Summary, dated November 3, 2020. The Patentee became aware of the Office's inability to access these references until the consideration of September 28, 2020 and was directed, by the Examiner, to resubmit the references unable to be found by the Office.

[54]    The PTA process is affected further by events with erroneous dates, creating instances for the PTA determination process to generate values to alter the adjustments. It must be noted that there are over 150 applications that have a 'negative' delay value for the Applicant with the Event data date manipulation in these applications PTA determination.4

In conclusion,

[55]    The PTA determination and events within the application present issues that must be considered by the Court as these issues have invalidated the PTA determination decisions having as well compromised the integrity of operation of the application file.

[56]    The actions of the Office that insist on a judicial review by the Court include:

- The improper handling of events.
- Event dates that have been altered. (Event #66)
- Events entered to override other events (RCE and BRCE event relationship)
- Event codes that can be entered to present different events (TCPB)
- Event labels changed to suggest a different event type (PET. to R48.REQ)
- Events that can have dates set different than occurring date;

10

- Events that allow date to generate PTA amounts (Applicant's negative delay)
- Events that are entered but appear missing from the data sets.

WHEREFORE, Plaintiffs respectfully pray that this Court:

[57]    A. Issue an Order changing the period of PTA for the '030 patent from 1,525 days

to 2,327 days, or any period thereof, including at least 802 days, deemed in accordance with

35 U.S.C. § 154(b)(2)(C) and requiring Defendant to alter the term of the '030 patent to reflect

such additional PTA; and

[58]    B. Grant such other and further relief as the nature of the case may admit or require

and as may be just and equitable.

Dated: September 25, 2023

                                                Respectfully submitted,

                                                /JohnLewisGuymonJr
                                                John Lewis Guymon Jr
                                                Patentee/ Applicant

11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRIGINIA**
ALEXANDRIA   **DIVISION**



John Lewis Guymon Jr
                    Plaintiff(s),

v.

                                        Civil Action Number: 1:23 CV 1302

HON. KATHI VIDAL, USPTO
                    Defendant(s).

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of Civil Action - COMPLAINT          .
                                                    **(Title of Document)**

John Lewis Guymon Jr
Name of *Pro Se* Party (Print or Type)
/JohnLewisGuymonJr/
Signature of *Pro Se* Party

Executed on: 09/25/2023           (Date)

                              **OR**

The following attorney(s) prepared or assisted me in preparation of _____.
                                                    **(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)