IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN LEWIS GUYMON, JR.,  )  <br>  ) <br> Plaintiff,  ) <br>  ) <br> v.  ) <br>  ) <br> KATHI VIDAL, *et al.*,  ) <br>  ) <br> Defendants.  ) | Civil Action No. 1:23-cv-1302 (RDA/JFA) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. 20) (the "Motion"). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is fully briefed and ripe for disposition. Considering Plaintiff's Amended Complaint (Dkt. 18), Defendants' Memorandum in Support of its Motion to Dismiss (Dkt. 21), Plaintiff's Memorandum in Opposition (Dkt. 23), and Defendants' Reply (Dkt. 24), this Court GRANTS Defendants' Motion to Dismiss for the reasons that follow.

### I. BACKGROUND[1]

#### A. Factual Background

On December 15, 2008, Plaintiff John Lewis Guymon, Jr. filed the United States patent application 12/316,699 (the "'699 Application"). Dkt. 18 ¶ 10-11.[2] The patent, titled "Securable

---

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Amended Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Plaintiff's Amended Complaint, Dkt. 18, is the operative complaint for the purposes of the instant Motion. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.").

Independent Electronic Document" was issued on March 9, 2021, as U.S. Patent Number 10,930,030 (the "'030 Patent"). *Id.* at ¶¶ 2, 10. Plaintiff is the original applicant and sole inventor of the '030 Patent. *Id.* at ¶ 11.

Prior to filing the instant suit, Plaintiff challenged the patent term adjustment determination made by the USPTO regarding the '030 Patent. The Director of the USPTO denied Plaintiff's request for reconsideration on March 28, 2023. *Id.* ¶¶ 2-9. Plaintiff alleges that "Defendant[s] erred in applying 37 C.F.R. § 1.704(c)(8)" and that Defendants incorrectly reduced the period of adjustment of the '030 Patent term. *Id.* ¶ 3. Plaintiff now seeks a judgment from this Court that the patent term adjustment of the '030 Patent should be extended from 1,525 days to 2,327 days. *Id.* ¶ 2.

## B. Procedural Background

Plaintiff filed his Complaint on September 27, 2023, against Defendants Kathi Vidal, the Undersecretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office (the "USPTO"), and the Office of the General Counsel of the USPTO (collectively, the "Defendants"). *See* Dkt. 1 at 1.[3] On, March 26, 2024, in lieu of an answer, Defendants filed a motion to dismiss Plaintiff's Complaint. *See* Dkts. 10; 11. Thereafter, Plaintiff filed his Amended Complaint on April 24, 2024, and the Court therefore denied the motion to dismiss as moot. *See* Dkts. 18; 19.

On May 8, 2024, Defendants filed the pending Motion to Dismiss Plaintiff's Amended Complaint with a *Roseboro* notice under Federal Rule of Civil Procedure 12(b)(6) ("Rule

---

[3] Docket Entry page citations utilize the CM/ECF header's pagination, not any original pagination.

2

12(b)(6)").[4]  *See* Dkt. 22.  On May 29, 2024, Plaintiff filed his Opposition Brief.  *See* Dkt. 23.  On June 5, 2024, Defendants filed their Reply Brief.  *See* Dkt. 24.

II.  LEGAL STANDARD

A.    Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of a complaint," but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  Accordingly, in reviewing a motion to dismiss, the Court must "accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff." *Coleman v. Maryland Ct. of App.*, 626 F.3d 187, 189 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of App. of Md.*, 566 U.S. 30 (2012).  The Court must also "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks and citation omitted).

To avoid Rule 12(b)(6) dismissal, a complaint must contain sufficient factual allegations "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To qualify as plausible, a claim needs sufficient factual content to support a reasonable inference of the defendant's liability for the alleged misconduct.  *See id.*; *Twombly*, 550 U.S. at 556.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and

---

[4] The Court notes that in compliance with Local Rule 7(K), Defendants provided Plaintiff with the notice required pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).  *See* Dkt. 20.  A recent 4th Circuit decision, *Milla v. Brown*, 109 F.4th 222 (4th Cir. 2024), has cast doubt on whether Local Rule 7(K) satisfies *Roseboro*, and a revised Rule 7(K) has been adopted accordingly.  This Court notes that Plaintiff responded to Defendants' Motion to Dismiss as set forth in Defendants' Roseboro notice, *see* Dkt. 23, and therefore the Court does not view the *Milla* decision as an impediment to this Court issuing this Order.

plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). The factual allegations must be sufficient to "raise a right to relief above the speculative level" so as to "nudge[ ] the[ ] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. "At bottom, determining whether a complaint states . . . a plausible claim for relief . . . will 'be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Though a Rule 12(b)(6) motion "does not resolve contests surrounding . . . the applicability of defenses," *Martin*, 980 F.2d at 952, dismissal may remain "appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense," *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). So, in "circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *see also United States v. Kivanc*, 714 F.4d 782, 789 (4th Cir. 2013) ("The statute of limitations is an affirmative defense that may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim."). "This principle only applies, however, if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Goodman*, 494 F.3d at 464 (internal quotation marks, brackets, and emphasis omitted); *see also Smith v. Univ. of Md., Baltimore*, 770 F. App'x 50, 50 (4th Cir. 2019) ("A court may dismiss a complaint on statute of limitations grounds if the time bar is apparent on the face of the complaint.").

### B. Law Applications to Patent Term Adjustments

A patent has a term of twenty years from the patent application's effective filing date. 35 U.S.C. § 154(a)(2). In other words, an issued patent's twenty-year term is measured from the

4

filing date of the patent application.  "An issued patent's enforceable life thus depends on the length of the [US]PTO's examination of a patent application.  To account for any undue delays in patent examination caused by the [US]PTO, Congress established a system of patent term adjustment to compensate for investors for lost time on their patent term resulting from such delays."  *Pfizer, Inc. v. Lee*, 811 F.3d 466, 468 (Fed. Cir. 2016).  This adjustment was codified in the Patent Term Guarantee Act.  *See* 35 U.S.C. § 154(b).  The "purpose of [patent term adjustment] is to compensate patent applicants for certain reductions in [their] patent term that are not the fault of the applicant."  *Idorsia Pharms. Ltd. v. Iancu*, 393 F. Supp. 3d 445, 454 (E.D. Va. 2019), *aff'd*, 811 F. App'x 650 (Fed. Cir. 2020) (quoting *Pfizer, Inc. v. Lee*, 811 F.3d 466,476 (Fed. Cir. 2016)).

In circumstances where a party seeking reconsideration of the patent term adjustment determination provided on the face of the issued patent is "dissatisfied with the Director's decision," they "shall have exclusive remedy by a civil action against the Director filed in the United States District Court for the Eastern District of Virginia within 180 days after the date of the Director's decision on the applicant's request for reconsideration."  35 U.S.C. § 154(b)(4)(A).

### III.   ANALYSIS

Here, Defendants seek dismissal of this action on the grounds, *inter alia*, that Plaintiff failed to file suit within 180 days of the Director of the USPTO's decision on the patent term adjustment.  *See* Dkt. 21 at 4-7.  In response, Plaintiff avers that (1) the 180-day filing rule was incorrectly calculated; (2) his suit was timely; (3) even if his suit was not timely, an exception should be made in this case.  *See* Dkt. 23 at 1-3.  The Court agrees with Defendants that Plaintiff's suit is untimely and outside the 180-day filing period as required by the USPTO for patent adjustment term reconsideration and will therefore grant the Motion to Dismiss.

In his Amended Complaint, Plaintiff states that "Defendant's (Director's) decision on Plaintiff's Request for Reconsideration of Patent Term Adjustment[ was] mailed [on] March 28, 2023." Dkt. 18 ¶ 9. Per Section 154(b)(4)(A), Plaintiff needed to file his appeal of the patent term adjustment determination within 180 days of the Director's decision. In other words, the clock for Plaintiff to file in this Court began on March 28, 2023.

180 days from March 28, 2023, was September 24, 2023. *See* Calendar for Year 2023 (United States), https://www.timeanddate.com/calendar/?year=2023&country=1 (last visited Dec. 5, 2024).[5] September 24, 2023, was a Sunday. *Id.* Accordingly, Federal Rule of Civil Procedure 6(a)(1)(C), states that when "computing any time period . . . in any statute that does not specify a method of computing time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Accordingly, in this case, as Plaintiff's 180-day filing deadline would have fallen on September 24, 2023, a Sunday, the deadline shifted to the end of the next business day, Monday, September 25, 2023. *See* Calendar for Year 2023 (United States), https://www.timeanddate.com/calendar/?year=2023&country=1 (last visited Dec. 5, 2024).

---

[5] [I]n reviewing a Rule 12(b)(6) [motion, the Court] may properly take judicial notice of matters of public record." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (observing that "sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss" include "the complaint in its entirety, as well as ... documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Additionally, "[t]he [C]ourt . . . may take judicial notice on its own." Fed. R. Evid. 201(c). Because calendar dates and days of the week are a matter of public record and not subject to reasonable dispute, the Court can take judicial notice of such days and dates without converting the pending Motion into a motion for summary judgment. *See Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004).

Plaintiff attempted to e-file his Complaint on Monday, September 25, 2023, but was unable to do so. Dkt. 23 at 3. He therefore mailed his Complaint that same day. *Id.* The Complaint was then received by the Clerk's Office on September 27, 2023, which resulted in the case being opened and the Complaint being filed. *See* Dkt. 1 at 1 (stamped "Filed Sep[tember] 27 2023" in the "U.S. District Court Alexandria Virginia") (standardized capitalization utilized). It is a well-established rule that a complaint is considered filed when it is delivered to the Court, not when it is mailed. *See McFadden v. Clarke*, No. 1:22CV1082, 2023 WL 2089251, n.2 (E.D. Va. Feb. 17, 2023) (holding that "the complaint was deemed filed when it was received by the Clerk [of the Court]").[6] Because Plaintiff's Complaint was not filed until it was received on September 27, 2023, the Complaint was untimely. Thus, the Motion to Dismiss is granted.

Seeking to avoid this conclusion, Plaintiff makes several arguments in his opposition; none of which persuades here. First, Plaintiff argues that Defendants have incorrectly calculated the 180-day response window, because they did not account for mailing time. Dkt. 23 at 2. In support, Plaintiff then cites various regulations and statutes under which the USPTO allegedly provides for additional mailing time in responses to official actions. The provisions that Plaintiff cites, however, are inapplicable here.[7] Indeed, the statutes and regulations cited by Plaintiff actually

---

[6] When a *pro se* litigant mails a complaint on time, but said complaint arrives late to the court, it is deemed an untimely filing, unless litigant is a *pro se* prisoner. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (distinguishing between *pro se* litigants and *pro se* prisoners and noting that *pro se* prisoners are granted the privilege of the mailbox rule which does not extend to non-prisoner litigants); *see also Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) (regarding a filing as untimely when a *pro se* litigant mailed their notice of appeal prior to the deadline, and when the notice arrived (and was therefore filed) after the deadline).

[7] Plaintiff cites 35 U.S.C. § 21(a) which provides that "[t]he Director [of the USPTO] may by rule prescribe that any paper or fee required to be filed in the Patent and Trademark Office will be considered filed in the Office on the date on which it was deposited with the United States Postal Service." This statute, however, applies only to "proceedings in the patent and trademark office." *Id.* Plaintiff further cites 37 C.F.R. 1.10 as a reason to be granted mailing time, because it states that "[a]ny correspondence received by the U.S. Patent and Trademark Office (USPTO)

7

undercut his argument, because they demonstrate that, where Congress or the USPTO intends to include mailing time to extend a response deadline, they do so explicitly. Moreover, district judges interpreting the statute applicable here have recognized that Section 154(b)(4)(A) provides the exclusive means for judicial challenges to the PTO's patent term adjustment determinations and that it was intended to "strictly limit the forum and timing for seeking judicial review of these very specific USPTO decisions." *Janssen Pharmaceutica N.V. v. Kappos*, 844 F.Supp.2d 707, 713 (E.D.Va.2012). Thus, under the circumstances presented herein, mailing time is properly excluded from the 180-day deadline calculus.

Plaintiff next argues that Rule 6(d) should apply here. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)."). Rule 6(d) does not apply, however, because the period for filing a complaint under 35 U.S.C. § 154(b)(4)(A) is not triggered by service but rather by the requirement for a party to act "within 180 days after the date of the Director's decision on an applicant's request for reconsideration." 35 U.S.C. § 154(b)(4)(A); *see Lorenzo v.*

---

that was delivered by the Priority Mail Express® Post Office to Addressee service of the United States Postal Service (USPS) will be considered filed with the USPTO on the date of deposit with the USPS." Once again, however, this statute fails to address the question at issue and simply establishes mailing time for correspondence being sent *to* the USPTO. Next, Plaintiff argues that 20 C.F.R. § 416.1401 provides persuasive authority in this case that mailing time should be included. *See* 20 C.F.R. § 416.1401 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5–day period."). But again, this this regulation applies only in limited circumstances (under the Social Security Administration, not even the USPTO). The final regulation cited as evidence by Plaintiff is 8 C.F.R. § 103.8. *See* 8 C.F.R. § 103.8 ("Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period."). Unsurprisingly, this regulation fails to apply to the situation at hand, as it delineates the rules for service and notice in immigration benefit requests under the Department of Homeland Security.

8

*Prime Commc'ns, L.P.*, 806 F.3d 777 (4th Cir. 2015) (holding that Rule 6(d) "extend[s] deadlines following the *service* of documents by an opposing party in specified circumstances to accommodate time needed to effect service; [it] do[es] not apply to filing deadlines." (emphasis in original)). Section 154(b)(4)(A) is explicit in its reach over patent term adjustment appeals and the statute of limitations applicable to such an appeal. Accordingly, Rule 6(d) does not apply to the 180-day deadline here and does not excuse Plaintiff's untimely filing.

Plaintiff also argues that pursuant to 37 C.F.R. § 90.3(c)(1), he should receive an extension of time based on excusable neglect. Dkt. 23 at 3. That regulation states that "[t]he Director [of the USPTO] may extend the time for filing an appeal . . . [r]equested after the expiration of the period for filing an appeal of commencing a civil action, and upon a showing that the failure to act was the result of excusable neglect." 37 C.F.R. § 90.3(c)(1). To be sure, subsection (a) of that regulation discusses the specific filing deadlines for appeals pursuant to 35 U.S.C. §§ 141, 142, 145, and 146. *Id.* § 90.3(a). Thus, it is not clear that the regulation even applies to appeals pursuant to Section 154, as the implication of the regulation is that the *Director* may only extend deadlines for the specific statutory appeals referenced in subsection (a). *See United States v. Haas*, 986 F.3d 467, 479 (4th Cir. 2021) (discussing the canon of *expressio unius est exclusio alterius*, that is the inclusion of one thing and the exclusion of another is presumed to be intentional). Even assuming that the regulation *could* apply, it does not apply here where Plaintiff's request comes in the form of his opposition to the Motion to Dismiss. *See* Dkt. 23 at 3 ("Plaintiff hereby officially requests the extension of time required to mail the complaint."). Moreover, to the extent his opposition is his request, the authority of the Director is discretionary and, in maintaining the Motion to Dismiss, is clearly denied. *See* 30 C.F.R. § 90.3(c)(1) ("The Director . . . *may* extend the time . . . ." (emphasis added)).

9

Beyond that, Plaintiff fails to establish that his actions are the result of excusable neglect. Courts have long found that excusable neglect "is not easily demonstrated, nor was it intended to be." *Thompson*, 76 F.3d at 534. "[A] district court should find excusable neglect only in *extraordinary* cases." *Id.* (internal quotation marks omitted, emphasis in original). In this case, Plaintiff waited until the last day, September 25, 2023, to file his appeal with the Court despite being given 180 days to do so. In fact, due to the deadline ending on Sunday, September 24, 2023, Plaintiff actually was the beneficiary of an extra day to file with the Court. However, Plaintiff "chose to adopt a strategy of waiting until the last minute to file" his claim, "which left no room for error." *In re U-Haul Co. of W. Virginia*, No. 2:21-BK-20140, 2021 WL 5875435 (Bankr. S.D.W. Va. Dec. 10, 2021). Here, Plaintiff fails to establish that his neglect in determining that he was unable to file electronically until the day of his deadline was in any way excusable. *See McDowell-Bonner v. Dist. of Columbia*, 668 F. Supp. 2d 124, 127 (D.D.C. 2009) (finding that an inability to interface with the Court's electronic filing system "can hardly be considered the result of excusable neglect"). Accordingly, Plaintiff knowingly assumed a significant risk to the status of his claim by waiting until the last day to file it. In sum, Plaintiff's failure to act was not the result of excusable neglect but rather the consequences of his procrastination.

In conclusion, this Court cannot find that Plaintiff has a legitimate basis to be granted an extension of time to the 180-day filing deadline as required by Section 154(b)(4)(A).

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Dkt. 20) is **GRANTED**; and it is

**FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**; and it is

**FURTHER ORDERED** that the Clerk of the Court is **DIRECTED** to place this matter among the ended causes.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk's office within sixty (60) days of the date of this Order.  *See* Fed. R. App. P. 4(a).  A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order Plaintiff wishes to appeal.  Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is SO ORDERED.

Alexandria, Virginia
January 10, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge